ROBERTSON, Presiding Judge.
Mark Compton, plaintiff, filed a breach of contract claim against Rocky Brooks, defendant, for faulty workmanship in regard to the roof of his house. After a hearing on the issue of damages, a judgment was entered against the defendant in the amount of $4,602.03. After his posttrial motion was denied, the defendant appealed to this court.
The defendant’s only argument on appeal is that the trial court’s final judgment is inconsistent with a prior order and, therefore, requires a new trial.
The plaintiff contracted with the defendant for the defendant to build the plaintiff a house. Approximately one year after completion of the house, the roof developed leaks allegedly due to the faulty installation of flashings. The sub-contractor inspected the roof and stated that he would not warrant any repairs unless a complete roof was installed as opposed to attempting to repair the existing roof. Subsequently, a new roof was installed by the sub-contractor at a cost of $4,602.03. The defendant contended, however, that a new roof was not necessary because he contends that the faulty roof could have been repaired.
The case was submitted to the trial court and taken under advisement. However, on January 24, 1990, the trial court entered an order which set aside the submission and opened the case for proof of damages. After considering the testimony and evidence, the trial court issued a final judgment dated April 19, 1990. In this order the trial court found that the “plaintiff’s damages [were] a direct and proximate result of the faulty workmanship of the defendant’s subcontractor who was employed by the defendant to roof the plaintiff’s residence.” As noted above, the trial court awarded the plaintiff damages in the amount of $4,602.03, plus costs.
Here, the evidence was presented to the trial court ore tenus. Therefore, we will not reverse the trial court’s judgment unless it is clearly erroneous or manifestly unjust. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala.1980). After a review of the record, we cannot hold that the trial court’s final judgment is inconsistent with the January 24, 1990, order, which made reference to the defective roof; nor is the final judgment clearly erroneous or manifestly unjust.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.